UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE MIGUEL CACERES MARTINEZ (A-Number: 216-540-901),

Petitioner,

v.

Warden of the Mesa Verde Detention Facility; Current or Acting Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; Current or Acting Director, United States Immigration and Customs Enforcement; Current or Acting Secretary of Homeland Security; and Current or Acting United States Attorney General,

Respondents.

No. 1:26-cv-05379-KES-SAB (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Jose Miguel Caceres Martinez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The Court construed the petition as challenging petitioner's re-detention and ordered respondents to show cause why the petition should not be granted. Doc. 7. Respondents maintain that petitioner is subject to 8 U.S.C. § 1225(b) but

acknowledge that the Ninth Circuit rejected its position in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). *See* Doc. 9. Respondents state that in light of *Rodriguez Vasquez*, "Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." *See id.* at 1.

For the reasons stated *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025), the Court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents have not identified any urgent circumstances in this case.

Respondents are ORDERED to release petitioner Jose Miguel Caceres Martinez (A-Number: 216-540-901) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his

release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: August 6, 2026

UNITED STATES DISTRICT JUDGE